```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

FRED D. DOUTY,

      Plaintiff,

v.                                         Civil Action No. 2:13-24714

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex, and
PAUL PERRY, Associate Warden of Security,
Mt. Olive Correctional Complex, and
STEVE CAUDILL, Captain,
Mt. Olive Correctional Complex, and
RONNIE WILLIAMS, Captain,
Mt. Olive Correctional Complex, and
CHRIS BLAKE, Principal,
Mt. Olive Correctional Complex, and
JAMES PENNINGTON, Educational Instructor,
Mt. Olive Correctional Complex, and
MIKE CLEMENS, Case Manager,
Mt. Olive Correctional Complex,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the plaintiff's motion for a preliminary injunction, filed November 19, 2013.  The operative pleading is plaintiff's amended complaint, filed March 4, 2014.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who has submitted his Proposed Findings and Recommendations ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The magistrate judge

recommends that the motion for a preliminary injunction be denied.

On August 5, 2014, the PF&R was filed. On August 19, 2014, plaintiff filed his objections. Plaintiff contends that he will suffer irreparable injury if he is not granted a preliminary injunction. The objections consist almost entirely of argument suggesting that plaintiff (1) has been denied the right to freely exercise his religious views, (2) was not permitted to participate in a hearing respecting his continued administrative segregation status, and (3) endured an instance of excessive force which is the subject of another pending civil action.

As noted in the PF&R, plaintiff is obliged to satisfy a rigorous burden. That is so inasmuch as "[a] preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Dewhurst v. Century Aluminum Co., 649 F.3d 287, 290 (4th Cir. 2011) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). Among other factors, the plaintiff must "clear[ly] show" that he is likely to succeed on the merits. Id. (quoting Winter, 555 U.S. at 21).

2

In this case, plaintiff has not made the required clear showing that he is likely to succeed on the merits. The defendants have not yet had the opportunity to respond to the request for extraordinary relief. This defect alone would preclude the court from granting the motion for preliminary injunction, apart from satisfaction of the standards discussed in Dewhurst and Winter inasmuch as plaintiff has not directed the court to where he has provided notice to the defendants of the relief sought. See Fed. R. Civ. P. 65 ("The court may issue a preliminary injunction only on notice to the adverse party."); First Technology Safety Systems, Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993) ("The only type of injunctive relief that a district court may issue ex parte is a temporary restraining order.")

Following a de novo review, and having concluded that the objections lack merit, it is ORDERED that the PF&R be, and it hereby is, adopted and incorporated herein. It is further ORDERED that the motion for a preliminary injunction be, and hereby is, denied without prejudice. The case is recommitted to the magistrate judge pursuant to the terms of the previously entered standing order.

**The Clerk is directed to send a copy of this written opinion and order to counsel of record and plaintiff.**

                                      **ENTER: August 29, 2014**

                                      **John T. Copenhaver, Jr.**
                                      **United States District Judge**